**Revised August 28, 2001**

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-50443

_____

DANIEL JOHNSON, Individually and On Behalf of All Present and Future Inmates of the Texas Department of Criminal Justice – Institutional Division,

Plaintiff - Appellee - Cross-Appellant,

versus

VICTOR RODRIGUEZ, ETC; ET AL,

Defendants,

RISSIE OWENS; CYNTHIA TAUSS, Member of Texas Board of Pardons & Paroles; LYNN F BROWN, Member of Texas Board of Pardons & Paroles; LAFAYETTE COLLINS; FILIBERTO REYNA; JUANITA GONZALEZ; PADDY LANN BURWELL, Member of Texas Board of Pardons & Paroles; ALVIN SHAW; GERALD GARRETT, Chairman, Texas Board of Pardons & Paroles; JAMES PAUL KIEL, JR., Member of Texas Board of Pardons & Paroles; LINDA GARCIA, Member of Texas Board of Pardons & Paroles; BRENDOLYN ROGERS-JOHNSON, Member of Texas Board of Pardons & Paroles; THOMAS W MOSS; SANDIE WALKER, Member of Texas Board of Pardons & Paroles; DANIEL LANG; LUCINDA SIMONS, Member of Texas Board of Pardons & Paroles; JOHN DAVID FRANZ, Member of Texas Board of Criminal Justice; TEXAS BOARD OF PARDONS & PAROLES; JAMES E. BUSH, Member of the Texas Board of Pardons and Paroles,

Defendants - Appellants -

Cross-Appellees.

_____

_____

No. 00-50570
_____

DANIEL JOHNSON, Individually and On Behalf of All Present and Future Inmates of the Texas Department of Criminal Justice - Institutional Division,

Plaintiff - Appellee,

versus

Victor RODRIGUEZ, Etc; ET AL

Defendants,

RISSIE OWENS; CYNTHIA TAUSS, Member of Texas Board of Pardons & Paroles; LYNN F BROWN, Member of Texas Board of Pardons & Paroles; LAFAYETTE COLLINS; FILIBERTO REYNA; JUANITA GONZALEZ; PADDY LANN BURWELL, Member of Texas Board of Pardons & Paroles; ALVIN SHAW; GERALD GARRETT, Chairman, Texas Board of Pardons & Paroles; JAMES PAUL KIEL, JR., Member of Texas Board of Pardons & Paroles; LINDA GARCIA, Member of Texas Board of Pardons & Paroles; BRENDOLYN ROGERS-JOHNSON, Member of Texas Board of Pardons & Paroles; THOMAS W MOSS; SANDIE WALKER, Member of Texas Board of Pardons & Paroles; DANIEL LANG; LUCINDA SIMONS, Member of Texas Board of Pardons & Paroles; JOHN DAVID FRANZ, Member of Texas Board of Criminal Justice; TEXAS BOARD OF PARDONS & PAROLES; JAMES E. BUSH, Member of the Texas Board of Pardons and Paroles,

Defendants - Appellants.

Appeal from the United States District Court
For the Western District of Texas

August 10, 2001

Before HIGGINBOTHAM, EMILIO M. GARZA, Circuit Judges, and DOWD[*] , District Judge.

PER CURIAM:

The chairmen and members of the Texas Board of Pardons and Paroles and of the Texas Board of Criminal Justice, in their official capacities, appeal from the judgment below awarding attorneys' fees to plaintiffs' counsel in this class action by Texas prisoners. Following our reversal on the merits of the prisoners' constitutional claims, see *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997), the magistrate judge ordered the defendants to pay $471, 946.05 in attorneys' fees and expenses, finding that the prisoners were a prevailing party pursuant to the "catalyst theory" of legal relief. The Supreme Court has since rejected reliance on the "catalyst theory" as a basis for awarding attorney's fees under fee-shifting statutes authorizing awards to the "prevailing party." *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, — U.S. —, 121 S.Ct. 1835 (2001). Accordingly, we reverse the magistrate judge's determination that the prisoner class is a "prevailing party" under 28 U.S.C. § 1988. Finding no other basis on which attorneys' fees might be awarded, we vacate the magistrate judge's order.

The remaining issues in this appeal are whether it was appropriate for the magistrate judge to retain Daniel Johnson as class representative and whether the magistrate judge was required to

---

[*]    District Judge of the Northern District of Ohio, sitting by designation.

dismiss the remaining prisoners' claims as moot. At oral argument, counsel for both parties agreed that resolution of these issues is of no consequence if we vacate the award of attorneys' fees. Both parties recognize that the class members' claims are moot in light of the Board's voluntary adoption and retention of an administrative rule prohibiting the complained of conduct. Because there is no judicial relief left for the prisoner class to pursue, we need not address the question of whether Daniel Johnson is a proper class representative.

We therefore VACATE the award of attorneys' fees and REMAND the case to the magistrate judge with instructions to dismiss the case as moot. We DISMISS as moot Johnson's cross-appeal for increased attorneys' fees.

VACATED and REMANDED with instructions; cross-appeal DISMISSED.