In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2708

Kevin M. Johnson,

Plaintiff-Appellant,

v.

ITT Aerospace/Communications
Division of ITT Industries, Inc.,

Defendant-Appellee.

Appeal from the United States District Court for the
Northern District of Indiana, Fort Wayne Division.
No. 99 C 84--Roger B. Cosbey, Magistrate Judge.

Submitted January 23, 2001--Decided November 29, 2001

   Before Posner and Easterbrook, Circuit
Judges./1

   Posner, Circuit Judge.  The plaintiff in
this Title VII case appeals from a series
of pretrial rulings that resulted in
judgment for his employer. In a unit of
eight or ten employees assembling radio
amplifiers, Johnson was the only male and
also the only American Indian. He
contends (we must assume, for purposes of
the appeal, truthfully) that during a
period of two weeks prior to September 8,
1998, some of his coworkers made fun of
his ethnicity by speaking to each other
in a stereotypical Indian manner. There
was a crescendo of this talk on September
8 that resulted in a shouting match
between Johnson and one of the women. The
two complained about each other to the
company's human resources department,
which warned both of them that they would
be disciplined if there were further
incidents. There were none. The
contention that the company is guilty of
ethnic harassment is frivolous. Even if,
as we greatly doubt, the offensive and
gratuitous mockery of Johnson's ethnicity
reached the degree of severity at which
it could be said to have altered his
working conditions, Harris v. Forklift
Systems, Inc., 510 U.S. 17, 21 (1993),
the company, as soon as it was apprised
of the situation, took prompt and
entirely effective measures to stop it,

thus discharging its legal duty. E.g., Berry v. Delta Airlines, Inc., 260 F.3d 803, 813 (7th Cir. 2001); Tutman v. WBBM-TV/CBS, Inc., 209 F.3d 1044, 1048 (7th Cir. 2000); Watts v. Kroger Co., 147 F.3d 460, 465-66 (5th Cir. 1998).

More interesting, though not more meritorious, is Johnson's challenge to the company's attendance policy, which contains an exception for absences that are due to the employee's being ordered by a court "to appear as a witness (not a party)." Johnson was assessed two unexcused absences for days on which he attended a preliminary pretrial conference, and gave his deposition, in this very suit. No discipline was imposed for these absences, and after Johnson complained through his union about the lack of an exception for absences required for the prosecution of a suit by an employee against the employer, the policy was amended to add such an exception. Johnson seeks no relief; but he wanted to amend his complaint to add a challenge to the pre-amended policy as being (1) a form of retaliation against persons who file Title VII claims and (2) a form of "disparate impact" discrimination against Title VII claimants, so that he can claim that, as the catalyst of the policy change, he is entitled to attorneys' fees.

He is too late. The Supreme Court has rejected the "catalyst" ground for obtaining attorneys' fees under fee-shifting provisions, such as that of Title VII, that limit the award of fees to a "prevailing party" in the litigation. Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Services, 121 S. Ct. 1835 (2001); see 42 U.S.C. sec. 2000e-5(k). But even in the heyday of the catalyst theory, when a defendant could not, simply by abandoning an unlawful practice in response to a lawsuit actual or threatened, deprive the plaintiff, actual or would-be, of a right to obtain attorneys' fees for having brought about the abandonment of the practice, the practice had to be unlawful; otherwise the plaintiff's efforts would not have advanced or enforced the law and ought not be rewarded. There is nothing unlawful about a leave policy that distinguishes between leave that is due to a court order and leave to enable an

employee to engage in private business, including the filing of lawsuits. It would be one thing if an employer deliberately strewed unreasonable obstacles in the path of employees seeking to enforce their rights under Title VII or other employment laws; Sauers v. Salt Lake County, 1 F.3d 1122, 1128 (10th Cir. 1993), holds that "preemptive retaliation" falls within the statute's prohibition against retaliation for filing a charge of discrimination (42 U.S.C. sec. 2000e-3(a)). Cf. Heuer v. Weil-McLain, 203 F.3d 1021, 1023 (7th Cir. 2000); McEwen v. Delta Air Lines, Inc., 919 F.2d 58, 59 (7th Cir. 1990). There is no suggestion of that here, however, and even if there were, it would hardly merit a remedy against an employer who denied leave to an employee who was pursuing frivolous litigation against the employer, just as it is not actionable retaliation to discipline an employee for filing a frivolous charge against the employer. E.g., Roth v. Lutheran General Hospital, 57 F.3d 1446, 1459-60 (7th Cir. 1995); Yatvin v. Madison Metropolitan School District, 840 F.2d 412, 418 (7th Cir. 1988); Little v. United Technologies, 103 F.3d 956, 960 (11th Cir. 1997). The employer's action here in yielding to the union's demand to make an exception for employment suits was not an acknowledgment of unlawfulness, but, so far as appears, merely a tug in the endless tug of war between labor and management.

Affirmed.

FOOTNOTE

/1 Judge Ripple was the third member of the panel to which this appeal was submitted. However, an event occurring after submission required him to recuse himself from all further deliberations and decision in the matter.