Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/01/2018 09:08 AM CDT

- 276 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
TRANSCANADA KEYSTONE PIPELINE v. NICHOLAS FAMILY
Cite as 299 Neb. 276

TransCanada Keystone Pipeline, LP, appellant and
cross-appellee, v. Nicholas Family Limited Partnership
et al., appellees and cross-appellants.

TransCanada Keystone Pipeline, LP, appellant and
cross-appellee, v. William F. Dunavan et al.,
appellees and cross-appellants.

TransCanada Keystone Pipeline, LP, appellant,
v. Bartels Farms Inc., appellee.

TransCanada Keystone Pipeline, LP, appellant,
v. John F. Small et al., appellees.

____ N.W.2d ___

Filed March 9, 2018.    Nos. S-17-116 through S-17-134, S-17-366, S-17-367,
S-17-369, S-17-424, S-17-741 through S-17-745, S-17-747, S-17-748,
S-17-750, S-17-751, and S-17-753 through S-17-760.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, on which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.
2. **Attorney Fees: Appeal and Error.** On appeal, a trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion.
3. **Rules of Evidence: Hearsay: Appeal and Error.** Apart from rulings under the residual hearsay exception, an appellate court reviews for clear error the factual findings underpinning a trial court's hearsay ruling and reviews de novo the court's ultimate determination to admit evidence over a hearsay objection or exclude evidence on hearsay grounds.
4. **Hearsay: Words and Phrases.** Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

- 277 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
299 NEBRASKA REPORTS
TRANSCANADA KEYSTONE PIPELINE v. NICHOLAS FAMILY
Cite as 299 Neb. 276

5. **Rules of Evidence: Affidavits.** An affidavit is admissible in certain enumerated situations, including motion practice, which includes the use of affidavits relating to preliminary, collateral, and interlocutory matters.

6. **Attorney Fees: Pleadings.** A motion for attorney fees under Neb. Rev. Stat. § 76-726 (Reissue 2009) is a collateral and independent request from the underlying merits of the case between the parties.

Appeals from the District Court for Holt County, MARK D. KOZISEK, Judge, on appeal thereto from the County Court for Holt County, ALAN L. BRODBECK, Judge.

Appeals from the District Court for York County, MARY C. GILBRIDE, Judge, on appeal thereto from the County Court for York County, LINDA S. CASTER SENFF, Judge.

Appeal from the District Court for Saline County, VICKY L. JOHNSON, Judge, on appeal thereto from the County Court for Saline County, LINDA A. BAUER, Judge.

Appeals from the District Courts for Nance, Boone, and Polk Counties, RACHEL A. DAUGHERTY, Judge, on appeal thereto from the County Courts for Nance, Boone, and Polk Counties, STEPHEN R.W. TWISS, Judge.

Judgments of District Courts reversed, and causes remanded with directions.

James G. Powers and Patrick D. Pepper, of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellant.

David A. Domina and Brian E. Jorde, of Domina Law Group, P.C., L.L.O., for appellees.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

HEAVICAN, C.J.

INTRODUCTION

These 40 appeals have been consolidated into 4 for purposes of appeal. At issue in each case is whether the individual

landowners are entitled to an award of attorney fees under Neb. Rev. Stat. § 76-726 (Reissue 2009). We conclude that the landowners did not offer sufficient proof as to their entitlement to an award of attorney costs and fees.

## FACTUAL BACKGROUND

TransCanada Keystone Pipeline, LP (TransCanada), is a limited partnership wishing to construct an oil pipeline, Keystone XL, through the State of Nebraska. On January 20, 2015, and in connection with this proposed construction, TransCanada filed a number of eminent domain proceedings in various counties, seeking to acquire right-of-way and other property interests.

On January 16, 2015, just prior to TransCanada's initiation of these proceedings, certain property owners (including some of the same landowners involved in these eminent domain proceedings) filed, in York County District Court, a constitutional challenge to the pipeline route as approved by Nebraska's Governor. As a result of this challenge, TransCanada and the landowners agreed to stay the eminent domain proceedings while the constitutional challenge was being litigated.

TransCanada dismissed its condemnation petitions on October 1, 2015, except that the Holt County petitions were dismissed on September 30, in order for TransCanada to pursue approval of a pipeline route by the Public Service Commission:

> TransCanada . . . ("Keystone") . . . hereby dismisses, *without prejudice*, its Petition for Condemnation in this matter. Keystone will be seeking route approval pursuant to Neb. Rev. Stat. § 57-1401 et seq., also known as the Major Oil Pipeline Siting Act. *In the event the route approval is granted, Keystone will reinstitute eminent domain proceedings if necessary*.

The landowners filed the motions for attorney fees and costs at issue in these consolidated appeals on October 6, 2015, except that the Holt County motions were filed on October 2.

- 279 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
TRANSCANADA KEYSTONE PIPELINE v. NICHOLAS FAMILY
Cite as 299 Neb. 276

The motions were brought pursuant to § 76-726 and requested that the various county courts award to the landowners costs, expenses, and attorney fees for work done in connection with both the county court eminent domain proceedings and the constitutional challenge. These requests were accompanied by affidavits from (1) the individual landowners, (2) counsel for the landowners, and (3) other attorneys attesting to the reasonableness of the attorney fees charged. In each instance, TransCanada objected to the landowner affidavits on the basis of hearsay.

In each of these cases, the county court granted the requests for attorney fees and TransCanada appealed. In the cases docketed at Nos. S-17-116 through S-17-134 (Holt County cases), the district court (1) found that the county court erred in admitting the landowner affidavits because they were hearsay, but that the admission was not reversible error because TransCanada did not insist upon a ruling on its objection and thus waived the objection; (2) found that the dismissals without prejudice amounted to an abandonment of the condemnation proceedings; and (3) reversed the awards of attorney fees and costs, because there was no evidence that the landowners actually incurred costs or fees as required by § 76-726, and remanded the causes to the county court for redetermination.

In the case docketed at No. S-17-424 (Saline County case), the district court found that (1) the county court did not err in admitting the landowner affidavits and did not err in failing to rule on TransCanada's hearsay objection because TransCanada did not insist upon a ruling and thus waived the objection, (2) the dismissals without prejudice amounted to an abandonment of the condemnation proceedings, and (3) the award of attorney fees and costs was proper because the landowner affidavit testimony showed an agreement to pay fees.

In the cases docketed at Nos. S-17-366, S-17-367, and S-17-369 (York County cases), the district court found that (1) the dismissals without prejudice amounted to an abandonment of the condemnation proceedings and (2) the fees sought may

- 280 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
TRANSCANADA KEYSTONE PIPELINE v. NICHOLAS FAMILY
Cite as 299 Neb. 276

be proved by affidavit, but the affidavits offered into evidence did not allow the court to determine the amount actually incurred, and thus, the award was reversed and the cause was remanded for further proceedings.

Finally, in the cases docketed at Nos. S-17-741 through S-17-745, S-17-747, S-17-748, S-17-750, S-17-751, and S-17-753 through S-17-760 (Nance, Boone, and Polk County cases), the district court found that (1) the dismissals without prejudice amounted to an abandonment of the condemnation proceedings and (2) the attorney fees sought may be proved by affidavit and the award was proper because the landowners' affidavit testimony showed an agreement to pay attorney fees.

ASSIGNMENTS OF ERROR

*Cases Nos. S-17-116 through S-17-134.*

In these appeals, TransCanada assigns that that district court for Holt County erred in (1) finding that TransCanada waived its hearsay objections to the landowners' affidavits and holding that the county court did not err in admitting those affidavits and (2) remanding the causes to the county court for further proceedings on the amount of attorney fees and costs the landowners actually incurred.

On cross-appeal, the landowners assign that the district court erred in (1) failing to affirm the county court's award of attorney fees, (2) finding there was insufficient evidence to show that the landowners actually incurred the attorney fees awarded by the county court, (3) finding that an application for attorney fees under § 76-726 requires evidence of legal fees "actually 'paid,'" and (4) finding that the landowners' affidavit evidence was hearsay.

*Case No. S-17-424.*

In this appeal, TransCanada assigns that the district court for Saline County erred in (1) finding that the landowners' affidavit evidence was admissible to prove attorney fees and costs under § 76-726 and that TransCanada waived its hearsay

- 281 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
TRANSCANADA KEYSTONE PIPELINE v. NICHOLAS FAMILY
Cite as 299 Neb. 276

objection and (2) affirming the county court's award of attorney fees and costs without proof of payment and without evidence showing the amount of attorney fees actually charged or how those fees were charged.

*Cases Nos. S-17-366, S-17-367, and S-17-369.*

In these appeals, TransCanada assigns that the district court for York County erred in (1) finding that the landowners' affidavit evidence was admissible to prove attorney fees and costs under § 76-726 and (2) construing § 76-726 to hold that reimbursement was allowed without proof of payment and accordingly remanding the cause to the county court for a determination of the attorney fees actually incurred.

On cross-appeal, the landowners assign that the district court erred in (1) failing to affirm the county court's award of legal fees and (2) finding there was insufficient evidence to show that the landowners actually incurred the attorney fees awarded by the county court.

*Cases Nos. S-17-741 through S-17-745, S-17-747, S-17-748, S-17-750, S-17-751, and S-17-753 through S-17-760.*

In these appeals, which by stipulation of the parties were all heard in the Nance County District Court, TransCanada assigns that the district court for Nance County erred in (1) finding that the landowners' affidavit evidence was admissible to prove attorney fees and costs under § 76-726 and (2) affirming the county court's award of attorney fees and costs without proof of payment and without evidence showing the amount of attorney fees actually charged or how those fees were charged.

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law, on which an appellate court has an obligation to reach an

independent conclusion irrespective of the decision made by the court below.[1]

[2] On appeal, a trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion.[2]

[3] Apart from rulings under the residual hearsay exception, an appellate court reviews for clear error the factual findings underpinning a trial court's hearsay ruling and reviews de novo the court's ultimate determination to admit evidence over a hearsay objection or exclude evidence on hearsay grounds.[3]

## ANALYSIS

These appeals generally present three issues: (1) whether TransCanada waived its hearsay objection, (2) whether the affidavits were admissible, and (3) whether the proof in these cases was sufficient.

Attorney fees in these cases were requested under the authority of § 76-726, which provides in relevant part:

> (1) The court having jurisdiction of a proceeding instituted by an agency as defined in section 76-1217 to acquire real property by condemnation shall award the owner of any right, title, or interest in such real property such sum as will, in the opinion of the court, reimburse such owner for his or her reasonable costs, disbursements, and expenses, including reasonable attorney's, appraisal, and engineering fees, actually incurred because of the condemnation proceedings if (a) the final judgment is that the agency cannot acquire the real property by condemnation or (b) the proceeding is abandoned by the agency. If a settlement is effected, the court may award to the plaintiff reasonable expenses, fees, and costs.

---

[1] *Simon v. City of Omaha*, 267 Neb. 718, 677 N.W.2d 129 (2004).

[2] *Id.*

[3] *O'Brien v. Cessna Aircraft Co.*, 298 Neb. 109, 903 N.W.2d 432 (2017).

- 283 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
TRANSCANADA KEYSTONE PIPELINE v. NICHOLAS FAMILY
Cite as 299 Neb. 276

*Waiver.*

In its appeals in the Holt County and Saline County cases, TransCanada assigns that the district court erred in finding that it waived its hearsay objection by failing to insist upon a ruling. We need not address the waiver issue as presented by these cases, because, as is addressed in more detail below, we reject the hearsay issue in the York County and Nance County appeals.

*Admissibility of Affidavits.*

TransCanada next argues that the affidavits were inadmissible, both because they consisted of hearsay and because § 76-726 requires a higher level of proof.

[4] We turn first to TransCanada's hearsay contention. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."[4] As TransCanada correctly notes, it is "beyond question" that these affidavits contain hearsay.[5]

[5] But as TransCanada also points out, under Neb. Rev. Stat. § 25-1244 (Reissue 2016), an affidavit is admissible in certain enumerated situations, including "motion practice," which includes the use of affidavits relating to preliminary, collateral, and interlocutory matters.[6] TransCanada suggests, without authority, that a motion for attorney fees under § 76-726 fits under none of these categories; the landowners argue that these types of motions are obviously collateral for purposes of § 25-1244 motion practice.

[6] We have previously suggested, as the landowners now contend, that a motion for attorney fees is a "collateral and independent request from the underlying merits of the case

---

[4] Neb. Rev. Stat. § 27-801(3) (Reissue 2016).

[5] See, e.g., brief for appellant in cases Nos. S-17-116 through S-17-134 at 12.

[6] *Id.*

between the parties."[7] This makes logical sense—without the underlying action, there would be nothing for which to seek an award of attorney fees.

In fact, we have suggested that affidavits are a preferred method of introducing such evidence:

> The best practice will always be to provide an affidavit or other evidence such as testimony or exhibits as detailed above, and we certainly encourage doing so. With such evidence, a party is assured that both the trial court and the appellate court will not be required to scour a record in an effort to support attorney fees in any particular case.
>
> We will not absolutely require the filing of an affidavit. . . . But we emphasize that the filing of an affidavit or presentation of other evidence will always be the preferable way to support the award of attorney fees. Litigants who do not file an affidavit or present other evidence risk the loss of attorney fees, because of the difficulty of discerning such information from the record alone.[8]

We hold accordingly in this case. Affidavits are generally admissible in collateral matters, and a motion for attorney fees under § 76-726 is such a collateral matter.

TransCanada also contends that affidavits are insufficient under § 76-726 and that live testimony is required. It cites no authority for this proposition. Having examined the language of § 76-726, we find it to be without merit. We find no error in the district court's admission of the affidavits in this case.

---

[7] *Kaminski v. Bass*, 252 Neb. 760, 768, 567 N.W.2d 118, 123 (1997). See, also, *Central Neb. Pub. Power v. Jeffrey Lake Dev.*, 267 Neb. 997, 679 N.W.2d 235 (2004).

[8] See *Garza v. Garza*, 288 Neb. 213, 221, 846 N.W.2d 626, 633 (2014). See, also, *ACI Worldwide Corp. v. Baldwin Hackett & Meeks*, 296 Neb. 818, 896 N.W.2d 156 (2017).

- 285 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
TRANSCANADA KEYSTONE PIPELINE v. NICHOLAS FAMILY
Cite as 299 Neb. 276

*Sufficiency of Proof.*

TransCanada next contends that there was insufficient proof to support the award of attorney fees and costs for two reasons: (1) The landowners were only entitled to an award of attorney fees actually paid by them to counsel, and the affidavits did not establish that any funds had been paid out by the individual landowners to counsel, and (2) the record, even including the challenged affidavits, was insufficient to establish that any individual landowner was actually indebted to counsel.

We turn to TransCanada's argument that under § 76-726, the landowners were only entitled to an award of attorney fees actually paid by them to counsel. In making this assertion, TransCanada notes that § 76-726 is different from other attorney fees statutes because it provides for reimbursement.

We agree with TransCanada insofar as it notes that this attorney fees statute is different from most other statutes allowing for an award of attorney fees. Most other statutes simply provide, where relevant, that reasonable attorney fees may be awarded.[9] But § 76-726(1) provides for "reimburse[ment of] costs, disbursements, and expenses . . . actually incurred."

But just because § 76-726 is a "reimbursement" statute, it does not follow that the landowners must have actually paid counsel in order to be entitled to an award of attorney fees. Merriam Webster defines "reimburse" as meaning "to pay back . . . someone[,] REPAY."[10] Black's Law Dictionary defines "incur" as a verb meaning "[t]o suffer or bring on oneself (a liability or expense)."[11] And "actual" is defined as "[e]xisting in fact; real."[12] This is supported by this court's prior case

---

[9] See, e.g., Neb. Rev. Stat. §§ 25-21,108, 29-3004, and 30-4017 (Reissue 2016) and 59-821 (Reissue 2010).

[10] Webster's Third New International Dictionary of the English Language, Unabridged 1914 (1993).

[11] Black's Law Dictionary 885 (10th ed. 2014).

[12] *Id.* at 42.

- 286 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
TRANSCANADA KEYSTONE PIPELINE v. NICHOLAS FAMILY
Cite as 299 Neb. 276

law defining the phrase "actually incurred," in a case involving the Nebraska Trust Deeds Act, as "a fee that is based on services rendered."[13]

The plain language of § 76-726, then, requires only that the landowners be indebted to counsel for services rendered and that the attorney fees charged be reasonable. There is no support in that language for the conclusion that the fees and costs must have already been paid for by the landowner.

As an initial matter, we observe that there is no dispute over the reasonableness of attorney fees requested in this case, and affidavits from other practicing attorneys attesting to that reasonableness are part of our record. The conclusion regarding reasonableness, though, has no bearing on whether the landowners' affidavits were sufficient to support an award of attorney fees and costs. Accordingly, we turn to that question.

In Holt County, the landowners in some affidavits only generally averred that they were represented by counsel. A few other Holt County affidavits included language stating that the landowners "[were] indebted to [counsel] for the success they achieved and agree that the fees they seek for services are the landowners' reasonable obligation. We want TransCanada to be ordered to pay this sum, along with expenses incurred on our behalf." In York, Saline, and Nance Counties, the landowners averred that they

> entered into a written fee agreement with [counsel] and are indebted to them for legal services they provided and expenses they advanced on our behalf. . . .
>
> . . . .
>
> . . . We entered into [a] written engagement agreement with [counsel] requiring us to pay for all legal services and to reimburse [counsel] for expenses they expended on our behalf.

---

[13] *Arizona Motor Speedway v. Hoppe*, 244 Neb. 316, 323, 506 N.W.2d 699, 703 (1993).

- 287 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
TRANSCANADA KEYSTONE PIPELINE v. NICHOLAS FAMILY
Cite as 299 Neb. 276

. . . .
. . . We are indebted to [counsel] for the success they achieved and agree that the fees and expenses they seek for services are reasonable and the landowners' obligation. We want TransCanada to be ordered to pay the sums requested, along with expenses incurred on our behalf because this includes the money we have paid for legal services and expenses and our debts incurred.

No written fee agreement or invoice for legal services was offered as evidence in support of the motions for attorney fees and costs. Nor did the landowners, in their affidavits, aver any specific amount owed by them to counsel.

We observe that affidavits from one or both counsel of record regarding the attorney fees actually incurred by the landowners were offered and admitted as evidence before each of the county courts. Under certain circumstances, such affidavits might supplement other evidence admitted at an attorney fees hearing and support the award of fees.[14]

But in this case, these affidavits from counsel were not specific as to any individual landowner and—with respect to work done and fees charged—were virtually identical to one another, including seeking payment of the same amount of money based upon the same number of hours of work. In fact, these affidavits raised more questions than they answered, notably about the nature of the fee agreement between the landowners and counsel, whether any fee agreement was akin to a contingency agreement, and the nature of how attorney fees sought in these eminent domain proceedings might be related to the York County constitutional challenge. As such, we conclude that on these facts, these affidavits are insufficient to support the award of attorney fees.

Because the landowners' affidavits did not allege the amount each had actually incurred, and because there was no other

---

[14] See *Garza v. Garza, supra* note 8.

- 288 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
TRANSCANADA KEYSTONE PIPELINE v. NICHOLAS FAMILY
Cite as 299 Neb. 276

evidence sufficient to support the award of attorney fees, we find that the county courts' awards were in error.

*Resolution.*

We conclude that none of the landowners established that they were entitled to attorney fees. As such, we reverse the decisions of the Saline and Nance County District Courts. We remand the causes to those courts, with instructions for those courts to remand the causes to the county courts, with directions for those courts to vacate the awards of attorney fees.

We observe that the Holt and York County District Courts vacated the amount of the awards of attorney fees, but remanded the causes for further proceedings. We agree with TransCanada that such a remand was error. Accordingly, in those cases, we reverse the district courts' decisions remanding for further proceedings.

## CONCLUSION

For the reasons set forth above, the decisions of the district courts are reversed and the causes are remanded with directions.

REVERSED AND REMANDED WITH DIRECTIONS.

WRIGHT, J., not participating.