# United States Court of Appeals
## For the First Circuit

No. 01-1309

DANA RICHARDSON,

Plaintiff, Appellant,

v.

OFFICER BRIAN MILLER, DETECTIVE STEVEN BLAIR,
BOSTON POLICE DEPARTMENT, AND CITY OF BOSTON,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Selya, Circuit Judge,
Coffin, Senior Circuit Judge,
and Lipez, Circuit Judge.

Andrew M. Fischer, with whom Jason & Fischer was on brief,
for appellant.
Eve A. Piemonte Stacey, with whom Merita A. Hopkins was on
brief, for appellees.

January 29. 2002

**COFFIN, <u>Senior Circuit Judge</u>.** Dana Richardson appeals the district court's denial of attorney's fees in his civil rights case against the City of Boston ("the City"). Finding no manifest abuse of discretion, we affirm.

## I. <u>Background</u>

On January 25, 2000, appellant was a passenger in a vehicle driven by Angela Howell. A police officer stopped the vehicle and requested a driver's license from Howell, who instead produced a State of Michigan photo identification of "Donald Beane." Appellant's picture was on Beane's identification. The officer asked appellant to identify himself. The officer became suspicious and requested further identification when appellant told him he was Dana Richardson. In appellant's wallet were credit cards and picture identifications, all in Beane's name. Richardson also possessed some personal papers, including his mother's death certificate and mortgage papers. The officer seized all of the papers, credit cards and identifications.

Appellant repeatedly and unsuccessfully sought return of the seized items and ultimately filed a lawsuit in state court seeking to have the items returned and the government enjoined from using the materials in any criminal investigation of him. The City removed the case to federal court, and the district court heard oral argument on appellant's motion for a

restraining order. During the hearing, at the district court's nudging, the parties agreed that the City would return some of the seized materials to appellant. Because of the continuing investigation, however, most of the returned materials were to be photocopies rather than originals. The district court then denied as moot appellant's motion. After continued negotiation between the parties, the City returned appellant's wallet and some of his personal papers. It never returned the so-called "Beane documents" because they pertained to the criminal investigation. Appellant was arrested soon thereafter and charged with four counts of credit card fraud, but the charges were later dropped for lack of sufficient evidence.

After the materials were returned, appellant offered several times to dismiss the case. The parties could not agree, however, on whether the case would be dismissed with, or without, prejudice. Appellant eventually moved to voluntarily dismiss and filed a petition for attorney's fees and costs as a prevailing party under the Attorney's Fee Awards Act of 1976 ("the Fees Act"), 42 U.S.C. § 1988, and its state analogue, Mass. Gen. Laws ch. 12, § 11I. The district court dismissed the case, with prejudice, but denied the fee petition, reasoning that appellant was not a prevailing party as contemplated by the statutes because the court did not issue any substantive rulings

and the case did not proceed to trial.  Appellant appeals from that order.[1]

## II.  Standard of Review

We have long held that we are highly deferential to a district court's decision whether to award attorney's fees, and thus will  set aside its ruling only if that ruling constituted a "manifest abuse of discretion." Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 292 (1st Cir. 2001); see also Foley v. City of Lowell, 948 F.2d 10, 18 (1st Cir. 2001).  Our strict, but sensible, standard  reflects the fact that only the district court  has  the  "intimate  knowledge  of  the  nuances  of  the underlying case."  Gay Officers Action League, 247 F.3d at 292. We therefore confine our review to whether the district court has made a mistake of law or incorrectly weighed (or failed to weigh) a factor in its decision.  See Foster v. Mydas Assoc., Inc., 943 F.2d 139, 143 (1st Cir. 1991).

## III.  Discussion

A.  "Prevailing Party" Status Under the Fees Act and the Massachusetts Civil Rights Law

---

[1]  Appellant also conclusorily states that he is appealing the district court's denial of his motion to vacate the order of dismissal.  Appellant failed to develop that argument and it is therefore waived.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

Under the Fees Act, 42 U.S.C. § 1988, the district court may award reasonable attorney's fees to a prevailing party in a civil rights case brought under 42 U.S.C. § 1983. Like many others before it, the key to this case is whether the plaintiff achieved "prevailing party" status. Typically, a plaintiff is deemed to have prevailed if he can show that he "succeeded on an important issue in the case, thereby gaining at least some of the benefit he sought in bringing suit." Gay Officers Action League, 247 F.3d at 293 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). To be sure, a plaintiff need not prevail on every claim and obtain all relief sought to qualify as a prevailing party. E.g., Farrar v. Hobby, 506 U.S. 103, 111 (1992); Hewitt v. Helms, 482 U.S. 755, 760 (1987). Even so, "[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." Hewitt, 482 U.S. at 760 (citing Hanrahan v. Hampton, 446 U.S. 754, 757 (1980)).

Here, although some of appellant's materials were returned to him (namely, the mortgage papers, his mother's death certificate and a few other documents), most of the returned materials were copies rather than originals, and the police never returned the Beane documents. Appellant argues that all of "his" possessions were returned, and that he never sought the

-6-

return of the Beane documents. However, that proposition is clearly refuted by the complaint, which seeks the return of "all materials seized."

Moreover, and more fundamentally, the crux of the complaint is that the seizure of the materials should have been deemed unlawful and unconstitutional, and that the City thus should have been enjoined from using the materials in its investigation. The return of the documents, however, did not prevent the City from continuing its investigation.[2] To the contrary, the parties agreed that all but a few of the returned materials would be photocopied so that law enforcement authorities could continue their investigation. Given the limited nature of the plaintiff's success, neither the district court's finding that appellant was not a prevailing party, nor its refusal to award attorney's fees, was an abuse of discretion, let alone a manifest one. See, e.g., Gay Officers Action League, 247 F.3d at 294 (a court is "well within its rights to deny prevailing party status" if plaintiff's success was "purely technical or de minimis") (internal citation omitted).

_____

[2] The government's later termination of criminal charges is immaterial because its decision was not based on the return of the seized materials.

Appellant also argues that he achieved his goals in this lawsuit by receiving something akin to a consent decree. See Maher v. Gagne, 448 U.S. 122, 129 (1980) (permitting attorney's fees in judicially approved settlements). He concedes that the district court neither ordered the parties to comply, nor ruled on the merits, yet he contends that the district court's brokering of the deal was a de facto, if not de jure, settlement. The district court, however, found to the contrary and concluded that its involvement in the case "in no way represent[ed] the Court's adjudication of the parties' claims." The district court is obviously in the best position to evaluate its own actions and their weight. Cf. Lefkowitz v. Fair, 816 F.2d 17, 22 (1st Cir. 1997) (explaining that "uncertainty as to the meaning and intendment of a district court order can sometimes best be dispelled by deference to the views of the writing judge"). The record provides no basis for second-guessing the court's conclusion that its intervention was not the equivalent of a consent decree, and we therefore find no abuse of discretion in the court's determination that appellant did not prevail in his lawsuit.

Likewise, appellant is not a prevailing party under section 11I of the Massachusetts Civil Rights Law. Appellant contends that he is entitled to attorney's fees under the Massachusetts

law because, unlike the federal Fees Act, which permits a district court to exercise discretion in awarding attorney's fees, the phrasing of the Massachusetts statute is absolute: "Any aggrieved person or persons who prevail in an action authorized by this section shall be entitled to an award of the costs of the litigation and reasonable attorneys' fees in an amount to be fixed by the court." Mass. Gen. Laws ch. 12, § 11 (emphasis added). Thus, appellant argues, he is automatically entitled to attorney's fees. However, our conclusion that appellant was not a prevailing party applies to both the state and federal statutes. The Massachusetts attorney's fees provision is therefore inapplicable.

B.   The Catalyst Theory

Until recently, a plaintiff in a civil rights dispute could also achieve prevailing party status under the catalyst theory. This theory permitted attorney's fees if a lawsuit acted as a "'catalyst' in prompting defendants to take action to meet plaintiff's claims . . . despite the lack of judicial involvement in the result." Nadeau v. Helgemoe, 581 F.2d 275, 279 (1st Cir. 1978). In other words, a plaintiff would be deemed to have "prevailed" in a lawsuit "even if there [was] no award or injunction, so long as the lawsuit effectively achieved a favorable result sought by the plaintiff."   Stanton v. S.

<u>Berkshire Regional Sch. Dist.</u>, 197 F.3d 574, 577 (1st Cir. 1999).

The Supreme Court, however, has expressly rejected the catalyst theory. <u>See</u> <u>Buckhannon Bd. and Care Home, Inc.</u> v. <u>W. Va. Dep't of Health and Human Res.</u>, 121 S. Ct. 1835 (2001). Although <u>Buckhannon</u> applied to the Fair Housing Amendments Act and the Americans with Disabilities Act, the Court specifically noted that the fee-shifting provisions of several other statutes, including the Fees Act, should be interpreted consistently. <u>See</u> <u>id.</u> at 1839 n.4. Although we approved the catalyst theory in the past, <u>see, e.g.</u>, <u>Nadeau</u>, 581 F.2d at 279, we are constrained to follow the Court's broad directive and join several of our sister circuits in concluding that the catalyst theory may no longer be used to award attorney's fees under the Fees Act. <u>See, e.g.</u>, <u>Chambers</u> v. <u>Ohio Dep't of Human Servs.</u>, 273 F.3d 690, 691-93 (6th Cir. 2001); <u>Johnson</u> v. <u>ITT Aerospace/Communications Div. of ITT Indus., Inc.</u>, 272 F.3d 498, 500 (7th Cir. 2001); <u>N.Y. State Fed'n of Taxi Drivers, Inc.</u> v. <u>Westchester County Taxi and Limousine Comm'n</u>, 272 F.3d 154, 158 (2d Cir. 2001); <u>Griffin</u> v. <u>Steeltek, Inc.</u>, 261 F.3d 1026, 1029 (10th Cir. 2001); <u>Johnson</u> v. <u>Rodriquez</u>, 260 F.3d 493, 495 (5th Cir. 2001); <u>Bennett</u> v. <u>Yoshina</u>, 259 F.3d 1097, 1100-01 (9th Cir. 2001).

Appellant argues that the theory is still viable under Massachusetts law, and reasons that the lawsuit was a catalyst for change because the City voluntarily agreed to return the seized property. However, he does not cite (nor have we found) a single case in which Massachusetts ever has recognized the theory as a basis for recovery under the state civil rights statute. To the contrary, it appears that the Massachusetts courts have applied the catalyst theory only in awarding fees under the Fees Act.

Even assuming arguendo that Massachusetts recognizes the catalyst doctrine, appellant's claim nevertheless fails. Regardless of the return of some of the seized materials, the City was still able to undertake its criminal investigation of appellant and the City never returned many of the seized items. Thus, the district court concluded that "in the totality of the circumstances, it is obvious that Richardson did not prevail in any plausible sense of the word." We find no abuse of discretion in that determination. See, e.g., Pearson v. Fair, 980 F.2d 37, 44 (1st Cir. 1992) (explaining that party seeking fees under catalyst theory must show that "whatever changes [his] lawsuit caused . . . were not de minimis.").

**Affirmed.**

-11-