# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed April 8, 2005

No. 04-5303

Martha McSally, Lt. Col.,
Appellant

v.

Donald H. Rumsfeld, Secretary of Defense,
Appellee

———

Before:  EDWARDS, HENDERSON, and RANDOLPH, *Circuit Judges*.

## *O R D E R*

Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply, it is

**ORDERED** that the motion be granted and the District Court's judgment filed July 23, 2004, denying appellant's request for an award of attorneys' fees and costs, be affirmed. The merits of the parties' positions are so clear as to warrant summary action. *See Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).

The issue in this case is whether appellant is entitled to an award of attorneys' fees under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, which authorizes a fee award to the "prevailing party."  We hold that she is not.

In *Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598 (2001), which involved the fee-shifting provisions of the Fair Housing Amendments Act and the Americans with Disabilities Act, the Supreme Court noted that the term "prevailing party" is a "legal term of art" used in numerous federal statutes, including § 1988, and the Court has "interpreted these fee-shifting provisions consistently." 532 U.S. at 603 & n.4. Joining several other circuits that have considered the question, we hold that *Buckhannon* applies to the definition of "prevailing party" under the Civil Rights Attorney's Fees Awards Act. *See, e.g.*, *Richardson v. Miller*, 279 F.3d 1, 4-5 (1st Cir. 2002); *N.Y. State Fed'n of Taxi Drivers, Inc. v. Westchester County Taxi & Limousine Comm'n*, 272 F.3d 154, 158 (2d Cir. 2001) (per curiam).

On the record here, it is clear that appellant is not a "prevailing party" as that term has been construed under the law of this circuit. *See Thomas v. Nat'l Sci. Found.*, 330 F.3d 486, 492-94 (D.C. Cir. 2003). In particular, the term "prevailing party" does not authorize an award of attorneys' fees when the plaintiff achieves the desired result through legislative – not judicial – action. *See Buckhannon*, 532 U.S. at 601, 604-06.

The Clerk is directed to publish this order pursuant to D.C. Circuit Rule 36. The Clerk is further directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

*Per Curiam*

**FOR THE COURT:**

Mark J. Langer, Clerk