In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-1538

DAVID GEVAS,

*Plaintiff-Appellant,*

*v.*

PARTHA GHOSH,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 C 4833—**Martin C. Ashman**, *Magistrate Judge*.

SUBMITTED MARCH 18, 2009—DECIDED MAY 28, 2009

Before POSNER, FLAUM, and WILLIAMS, *Circuit Judges*.

WILLIAMS, *Circuit Judge*. David Gevas appeals from the district court's order enforcing a settlement agreement that he denies entering into. He also argues that the court attempted to coerce him into settling. We affirm.

Gevas filed a complaint under 42 U.S.C. § 1983 claiming that Dr. Partha Ghosh and other prison staff members and administrators at Stateville Correctional Center were deliberately indifferent to his serious medical needs

when they refused to address his requests to treat a painful hand injury and a lump on one of his legs. The district judge referred the case to a magistrate judge for a settlement conference. A telephonic conference among all of the parties was eventually held and an agreement supposedly reached (no court reporter was present nor transcript made). The magistrate judge made a minute entry stating that the case had settled during a conference that day and that all matters relating to the referral had been resolved. Two days later, all of the parties consented to having the magistrate judge preside over subsequent proceedings.

The following month, Gevas sent a letter to the magistrate judge informing him that he would not sign the release and settlement agreement. In the letter, Gevas complained (principally) that the magistrate judge had summarily rejected the merits of his claims against Dr. Ghosh without giving him a chance to present his case.

Dr. Ghosh moved to enforce the settlement agreement. Gevas replied that the agreement was void because, he said, the magistrate judge's assessment of the case had been influenced by a lie that Dr. Ghosh had made in his court filings about the extent of his earlier treatment of Gevas. The magistrate judge later held another hearing in which Gevas again participated by phone. After the hearing, the magistrate judge granted the motion to enforce the settlement and ordered Gevas to sign the release and settlement agreement within 30 days or his case would be dismissed. Gevas promptly appealed.

At the outset, we address Dr. Ghosh's contention that we lack jurisdiction over this case because the order from

which Gevas appeals is not final. As Dr. Ghosh notes, we have jurisdiction if the order based on the settlement is a "final decision." *See* 28 U.S.C. § 1291; *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 867 (7th Cir. 2007). Here, however, once the 30 days lapsed the order became a final decision. *See Otis v. Chicago*, 29 F.3d 1159, 1165 (7th Cir. 1994) (en banc). It was final because it resolved all outstanding claims and clarified that the suit was at an end. *See Head v. Chicago Sch. Reform Bd. of Trs.*, 225 F.3d 794, 800 (7th Cir. 2000).

As for the merits of Gevas's arguments, he first challenges the magistrate judge's order enforcing the settlement because, he insists, he never actually agreed to a settlement. He acknowledges being told by the magistrate judge that he would receive $200 from Dr. Ghosh for dismissing his claims, but says he never actually accepted these terms. We review de novo whether the parties reached a settlement agreement. *Newkirk v. Vill. of Steger*, 536 F.3d 771, 774 (7th Cir. 2008).

Gevas's argument fails because we have no way in which to substantiate his denial that he ever agreed to a settlement. No writing exists to prove that the parties reached a settlement, even though we have encouraged judges presiding over settlement conferences to dictate to a court reporter their understanding of settlement terms and make sure that the parties agree on the record to those terms. Given the fallibility of memory and the confluence of forces that may push for settlement, the importance of memorializing any agreement cannot be understated. *See Lynch, Inc., v. Samatamason, Inc.*, 279 F.3d

487, 490-91 (7th Cir. 2002). But a judge's failure to record such an understanding does not invalidate the settlement. *Id.* As we explained elsewhere, both parties assumed the risk, when neither asked that any part of the discussion be placed on the record, that the judge would recall the discussion differently than they did. *See id.* Having made no such request, Gevas has to live with the consequences. *See id.* at 491. A party that has a chance to place any part of the discussion on the record "will not be heard to complain that the judge's recollection is inaccurate, least of all in a case in which the party has nothing more than its own say-so to cast doubt on the accuracy of that recollection." *Id.* at 492. This is especially the case here, where Gevas bears the burden of providing the court with a record permitting meaningful review of the alleged error. *See Piggie v. Cotton*, 342 F.3d 660, 663 (7th Cir. 2003).

Gevas also asserts that the magistrate judge attempted to coerce him into settling by telling him at the outset of the conference that his case against Dr. Ghosh was meritless. A judge may not coerce a party into settling. *See Goss Graphics Sys., Inc., v. Dev Indus., Inc.*, 267 F.3d 624, 627 (7th Cir. 2001); *G. Heileman Brewing Co., Inc., v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989); *Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1128 (3d Cir. 1990). Coercion occurs when a judge threatens to penalize a party that refuses to settle. *See, e.g., Goss Graphics Sys., Inc.*, 267 F.3d at 627; *Dawson v. United States*, 68 F.3d 886, 897 (5th Cir. 1995); *Newton,* 918 F.2d at 1128; *Kothe v. Smith*, 771 F.2d 667, 669 (2d Cir. 1985). But a judge may encourage settlement, *see Higbee v. Sentry Ins. Co.*, 253 F.3d 994, 995 (7th Cir. 2001);

*Dawson*, 68 F.3d at 897, and he or she is not prohibited from expressing a negative opinion of a party's claim during discussions as a means to foster an agreement. Even if we accept Gevas's account of the magistrate judge's conduct, he does not show that the judge coerced a settlement. Gevas asserts not that the judge threatened to penalize him if he refused to settle, but only that he prematurely and disparagingly assessed the merits of his claim. Gevas may disagree with that assessment, but frank disagreement does not constitute coercion.

AFFIRMED.