STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-2012-47,
*MMM-KEN-9/25/2013*

JOSEPH JACKSON,

      Petitioner/Plaintiff,

v.

COMMISSIONER JOSEPH PONTE,
In his official capacity as
Commissioner of the Maine
Department of Corrections,


SUPERINTENDENT SCOTT BURNHEIMER,
In his official capacity as
Superintendent of the Maine
Correctional Center,

DIRECTOR SCOTT McCAFFERY,
In his official capacity as
Director of Classification for the Maine
Department of Corrections,

And

MAINE DEPARTMENT OF CORRECTIONS,

      Respondents/Defendants.

ORDER ON DEFENDANTS'
MOTION TO DISMISS and
PLAINTIFF'S MOTION TO
DETERMINE PREVAILING PARTY

Before this Court are Defendants' Motion to Dismiss and Plaintiff's Motion to Determine

Prevailing Party Under § 1983. Defendants, Commissioner Joseph Ponte, Superintendent Scott

Burnheimer, and Director Scott McCaffery, bring their Motion to Dismiss Count I of Joseph

1

Jackson's ("Jackson") Petition/Complaint as moot because Plaintiff was granted the relief he had sought in his administrative appeal. Furthermore, Defendants seek dismissal of Count II of the Petition/Complaint pursuant to M.R. Civ. P. §12(b)(6) on the ground that it failed to state a claim under 42 U.S.C § 1983. Jackson's motion requests that the Court determine a prevailing party under 42 U.S.C. § 1983 and award attorneys' fees accordingly.

## FACTUAL BACKGROUND

Unless otherwise indicated, the following facts are not in dispute. Jackson is an inmate incarcerated at the Maine Correctional Center in Windham. In January 2012, Jackson was reclassified as a "minimum security risk" and as such became eligible for the Community Transition Program under the Maine Department of Corrections (the "MDOC") Policy Directive 27.3 and 34-A M.R.S. § 3035. (Opp. Mot. Dismiss 2.) Consequently, from April 2012 through August 2012, Jackson was granted community furloughs under the Community Transition Program. *Id.* During the time he participated in the program, Jackson did not violate any rule, policy, or regulation of the Community Transition Program. *Id.*

Some time before January 2013, Jackson applied for and was accepted into Stonecoast Masters of Fine Arts Program at the University of Southern Maine. *Id.* The Masters Program required a ten-day residency during January 2013. In the fall of 2012, Jackson applied for a furlough from October 19 through October 21, 2012. *Id.* Jackson's request for a furlough was denied. On October 9, 2012, Jackson filed a written request for review of the denial. *Id.* at 3. On November 6, 2012, MDOC issued a written decision on Jackson's appeal of the denial, which affirmed the MDOC's prior denial of the furlough request. *Id.*

On December 3, 2012, Jackson filed a Petition/Complaint pursuant to Rule 80C seeking judicial review of the MDOC's final decision denying his request for a furlough. In his

2

Petition/Complaint, Jackson alleges that, in considering whether to approve the request for a furlough, the Superintendent of MDOC did not follow the regulations of the Department of Corrections concerning eligibility for the Community Transition Program. (Pl.'s Compl. ¶¶ 25-31.) Specifically, Jackson alleges that the Superintendent automatically considered him ineligible for the furlough based solely upon a past conviction for a sex offense, whereas the MDOC's regulations require the Superintendent to consider a list of factors in determining on a case-by-case basis whether to grant a request for a furlough. *Id.* Additionally, the Petition/Complaint contends that the decision to reclassify Jackson and deny him a furlough deprived him of a federally protected right without due process of laws. *Id.* at ¶¶ 34-37.

After receiving Jackson's Petition/Complaint, the Commissioner and the Superintendent met with Jackson and his legal representative. (Mot. Dismiss 2.) As a result of that meeting, the Superintendent reassessed Jackson's application, reversed his decision, and granted Jackson's request for a furlough. *Id.* Jackson was allowed to leave the Maine Correctional Center in January 2013 to participate in the Masters Program. *Id.*

On January 29, 2013, Defendants filed their Motion to Dismiss based on the following: the decision from which Jackson appeals had been reversed, thus, Count I of the Petition/Complaint became moot; and Count II of Jackson's Petition/Complaint failed to state a claim for a violation of 42 U.S.C. § 1983. On February 21, 2013, Jackson filed a Motion to Determine Prevailing Party under 42 U.S.C. § 1983, in which he seeks the Court's determination that he is the prevailing party on his 42 U.S.C. § 1983 claim and thus, is entitled to recovery of his attorney's fees in the amount of $8,030.00.

## STANDARD OF REVIEW

### *Motion To Dismiss*

Dismissal is proper if the complaint fails to state a claim upon which relief can be granted. M.R. Civ. P. 12(b)(6); *Shaw v. S. Aroostook Cmty. Sch. Dist.*, 683 A.2d 502, 503 (Me. 1996). The Court reviews the complaint in the light most favorable to the plaintiff to ascertain whether the elements of a cause of action are properly set forth, and accordingly, "the material allegations of the complaint must be taken as admitted." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83. The Court should dismiss a claim only "when it appears 'beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that [it] might prove in support of [its] claims.'" *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994) (quoting *Hall v. Bd. of Envtl. Prot.*, 498 A.2d 260, 266 (Me. 1985)). The sufficiency of a claim pursuant to Rule 12(b)(6) is a question of law. *See Bowen v. Eastman*, 645 A.2d 5, 6-7 (Me. 1994).

In order to prevail on a 42 U.S.C. § 1982 claim, a plaintiff must allege: (1) a deprivation of a federally protected right and (2) that the person who deprived him of that right acted under the color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The right to procedural due process is one of the rights that may be enforced under 42 U.S.C. § 1983. Mary Massaron Ross & Edwin P. Voss, *Sword & Shield* 15 (3d ed. 2006). The Due Process Clause applies when government action deprives a person of liberty or property; accordingly, the Courts will look at the nature of the interest at stake to determine if the due process requirements were violated. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1 (1979). The Due Process Clause only protects rights to which Plaintiff has a legitimate claim of entitlement; a mere abstract need or desire, or a unilateral expectation is not enough. *Id.*

4

There is no constitutional or inherent right of a convicted person to a furlough. *Bowser v. Vose*, 968 F.2d 105, 106 (1st Cir. 1992); *Segal v. Biller*, 39 F.3d 1188 (9th Cir. 1994). However, a protected interest may arise not just from the Constitution itself, but also from state statutory or regulatory provisions. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (holding that although the Constitution does not guarantee good-time credit for satisfactory behavior while in prison, where state created such right and recognized that its deprivation was a sanction, prisoner's interest therein was a "liberty" entitling him to due process).

A state statute or regulation generally does not create a liberty interest unless it establishes "substantive predicates" to govern official decision-making and "contains explicitly mandatory language," *i.e.*, specific directives to the decision-maker that if the regulations' substantive predicates are present, a particular outcome must follow. *Segal*, 39 F.3d at 1188 (quoting *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 462-63 (1989)). Mere guidelines used to structure the exercise of discretion in making a Superintendent's decisions, however, do not create a protected interest. *Id.* Instead, there must be "particularized standards or criteria" that guide the Superintendent and "eliminate all discretion." *Id.* (citing *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir.1987)).

In the context of inmates' rights, these state-created liberty interests are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citations omitted).

5

*Motion to Determine Prevailing Party*

The Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988, authorizes courts, in their discretion, to award reasonable attorney's fees to a prevailing party in a civil rights case brought under 42 U.S.C. § 1983. Ross & Voss, *supra*, at 66. Typically, a plaintiff is deemed to have prevailed if he can show that he "succeeded on an important issue in the case, thereby gaining at least some of the benefit he sought in bringing suit." *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 293 (1st Cir. 2001) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

The Courts in the First District have expressly rejected the catalyst theory, which deemed a plaintiff to have prevailed in a lawsuit even if there was no award or adjudication, so long as the lawsuit effectively achieved a favorable result sought by the plaintiff. *See, e.g., Richardson v. Miller*, 279 F.3d 1, 3 (1st Cir. 2002). Instead, in compliance with the Supreme Court's holding in *Buckhannon Board & Care Home, Inc. v. W. Virginia Department Of Health And Human Resources*, the Courts require an actual alteration in the legal relationship of the parties for a claim of the "prevailing party" status to stand. 532 U.S. 598 (2001). Such alteration in the legal relationship occurs only if a party obtained a judgment on the merits or if the parties entered a settlement agreement in the form of a consent decree. *Id.* A defendant's voluntary change in conduct, although accomplishing what the plaintiff sought to achieve by the lawsuit, will not be sufficient to make a plaintiff a "prevailing party." *Id.*

## LEGAL ANALYSIS

Since there is no constitutional or inherent right of a convicted person to a furlough,[1] in order for Jackson to properly allege a cognizable section 1983 cause of action, he must plead that

---

[1] Nor is there an inherent liberty interest in *continuing* to participate in furlough (or other temporary release) program. *Bowser*, 968 F.2d at 107 (citing *Smith v. Saxbe*, 562 F.2d 729, 734-35 (holding that

either a state statute or state regulation gave rise to his entitlement to a furlough. Defendants correctly argue that 34-A M.R.S. § 3035, the statute governing furloughs under the Community Transition Program, places the decision to allow a prisoner to participate in the program in the complete discretion of the Commissioner or Superintendent.[2] The support for vesting this broad discretion in the Commissioner can also be found in the Policy and Procedures Manual issued by the Maine Department of Corrections. With respect to the Community Transition Program, Procedure C, § 3 of the Manual states as follows: "Approval for participation in a Community Transition Program may be withdrawn at any time at the complete discretion of the Commissioner." This permissive language from 34-A M.R.S. § 3035 and the Policies and Procedures Manual shows that the State of Maine did not intend to create a liberty interest granting Jackson rights to the minimum procedures required by the Due Process Clause. These furloughs were designed to be a privilege—which can be revoked at any time—and not an

---

receiving future furloughs is not a liberty interest); *Lanier v. Fair*, 876 F.2d 243, 246 (1st Cir.1989) (no inherent liberty interest in remaining in halfway house); *Brennan v. Cunningham*, 813 F.2d 1, 5-6 (1st Cir.1987) (same); *Garcia v. De Batista*, 642 F.2d 11, 14 (1st Cir.1981) (same)).

[2] 34-A M.R.S. § 3035, in relevant part states as follows:

> The commissioner *may* adopt, implement and establish rules for rehabilitative programs, including work release, restitution and furlough, as authorized by Title 17-A, chapter 54, within the facilities under the commissioner's control.
> . . .
>
> 2. Furlough. Subject to subsection 5, the commissioner *may* grant to a client under sentence to the department and a juvenile client furlough from the facility in which the client is confined under the following conditions.
> A. Furlough may only be granted subject to rules adopted by the commissioner.
> B. Furlough may be granted for not more than 10 days at one time for a visit to a dying relative, for attendance at the funeral of a relative, for the contacting of prospective employers or for any other reason consistent with the rehabilitation of a client.
> C. Furlough may be granted for the obtaining of medical services for a period longer than 10 days if medically required.

34-A M.R.S. § 3035 (emphasis added).

7

entitlement. *See Bowser*, 968 F.2d at 108-09 (holding that without mandatory language directing that a furlough *must* be granted to any inmate who satisfies eligibility requirements, there will be no liberty interest derived from a furlough statute). Thus, in the absence of a state created liberty interest and because there is no independent constitutional right to a furlough, Jackson failed to state a claim for a violation if 42 U.S.C. § 1983.

Moreover, even if Jackson were successful in alleging a cognizable section 1983 claim, it would still be dismissed as duplicative of the claim he alleged in his Rule 80C administrative appeal.

With respect to the Motion to Determine Prevailing Party, the parties argue that the decision on the Motion to Dismiss should be determinative of whether Jackson is the "prevailing party" in this lawsuit. However, disposition of the motion to dismiss is not completely determinative. In order for Jackson to obtain the status of the "prevailing party," this matter would have to conclude with either a judgment on the merits in Plaintiff's favor or a consent decree between the parties. Because the Courts in the First Circuit have rejected the catalyst theory, this Court cannot hold that Jackson is the prevailing party simply because the Superintendent voluntarily reversed his decision to deny Jackson's request for a furlough, even though this conduct accomplished what Jackson sought to achieve by this lawsuit.

The entry is:

The Motion to Dismiss is GRANTED and the Motion to Determine Prevailing Party is DENIED.

_____9/25/13_____
**DATE**

_____
**SUPERIOR COURT JUSTICE**

8

| Date Filed | 12/3/12 | Kennebec<br>County | Docket No. AP-12-47 | F |

Action: <u>Petition for Review</u>
       80C

## J. Murphy

| Joseph Jackson | vs. | Joseph Ponte, Commissioner DOC, et al. |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Eric Mehnert, Esq.<br>6 State Street, Suite 600<br>Bangor, ME  04401 | James Fortin, AAG<br>6 State House Station<br>Augusta, Maine 04333-0006 |

Date of Entry

| 12/3/12 | Rule 80C Petition, filed.  s/Mehnert, Esq. |
|---|---|
| 12/17/12 | Notice of Appearance, filed. s/Fortin, AAG<br>Acceptance of Service, filed. s/Fortin, AAG<br>Assented to Motion for Stay of Proceedings, filed. s/Fortin, AAG<br>Proposed Order, filed. |
| 12/18/12 | ORDER, Murphy, J.<br>The motion is GRANTED. Proceedings in this matter be stayed until January 11, 2013.<br>Copies to attys. of record |
| 1/25/13 | ORDER, Murphy, J.  (1/23/13)<br>Stay is lifted.  Case will be dismissed on 2/25/13 unless parties request further stay for cause shown, or file stipulated order for briefing schedule.<br>Copy to Atty Mehnert and AAG Fortin |
| 1/29/13 | Motion to Dismiss, filed. s/Fortin, AAG<br>Proposed Order, filed. |
| 2/21/13 | Petitioner's Motion To Determine Prevailing Party, Request For Hearing, filed.<br>s/Mehnert, Esq. |
| 2/21/13 | Memorandum Of Law In Opposition To State's Motion To Dismiss And In Support Of Petitioner's Motion To Determine Prevailing Party, filed.  s/Mehnert, Esq. |
| 3/1/13 | Consolidated Reply to Opposition to Motion to Dismiss and Opposition to Motion to Determine Prevailing Party, filed. s/Fortin, AAG |
| 3/12/13 | Motion hearing scheduled for 4/3/13.<br>Copy of list mailed to Atty Mehnert and AAG Fortin |
| 3/21/13 | Unopposed Motion To Continue, filed 3/21/12.  s/Mehnert, Esq. |

3/27/13    ORDER, Murphy, J.  (3/22/13)
           Motion to continue hearing on 4/3/13 is GRANTED.
           Copy to Atty Mehnert and AAG Fortin

5/24/13    Motion hearing scheduled for 7/3/13.
           Copy of list and notice of hearing mailed to Atty Mehnert and AAG Fortin

7/9/13     Hearing held 7/3/13.  J. Murphy presiding.
           Eric Mehnert, Esq. and James Fortin, AAG present.
           Tape 1722,  Index 100-596.
           Under advisement.

10/3/13    ORDER, Murphy, J. (9/25/13)
           ORDER ON DEFENDANTS' MOTION TO DISMISS and PLAINTIFF'S MOTION TO
           DETERMINE PREVAILING PARTY
           The Motion to Dismiss is GRANTED and the Motion to Determine Prevailing Party is
           DENIED.
           Copy to Atty Mehnert and AAG Fortin.
           Copy to Repositories.