**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1292
_____

BARRY E. SHELLEY,
Appellant

v.

SOMERSET COUNTY JAIL; WARDEN, SOMERSET COUNTY JAIL
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-04-cv-00001)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 3, 2014

Before:  AMBRO, VANASKIE and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 6, 2014)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Barry Shelley appeals the District Court's order enforcing a settlement agreement with defendants Somerset County Jail and Timothy Mapes, the jail's warden. For the reasons set forth below, we will affirm the District Court's order.

Shelley initiated the case in 2004, filing a complaint in the District Court alleging that the defendants failed to protect him from another prisoner in violation of his rights under the Eighth Amendment. In 2008, after various proceedings not relevant here, the District Court appointed counsel to represent Shelley. Magistrate Judge Pesto held a series of settlement conferences with the parties, and on April 19, 2011, the defendants agreed to pay Shelley $5,000 in exchange for his withdrawing his failure-to-protect claim. After those terms were apparently agreed to, however, Shelley made the additional request that Somerset County waive the $3,420 in fines that he owed. Counsel for defendants promised to look into this, and the conference ended. On August 21, 2012, counsel for the defendants informed the Magistrate Judge that they would pay the agreed-upon $5,000 to Shelley and also pay to discharge his $3,420 in fines. Along with this letter, counsel forwarded a release to Shelley.

For reasons that are not entirely clear, Shelley refused to sign the release. Due to her unhappiness with this decision, Shelley's counsel requested, and was granted, leave to withdraw. The defendants then filed a motion seeking to enforce what they perceived to be a binding settlement agreement. The Magistrate Judge concluded that Shelley had agreed to settle the case, and thus recommended that the District Court grant the motion. Shelley objected, claiming that he had not authorized his attorney to settle and had

2

actually asked her to request a jury trial, and that a written agreement had never been signed. The District Court overruled the objections and approved and adopted the report and recommendation. The Court concluded that an oral settlement agreement was fully enforceable and that the parties had reached an agreement at the April 19, 2011 settlement conference. Therefore, the Court dismissed the case with prejudice and ordered the defendants to pay over $5,000 for Shelley and $3,420 to cover the fines. Shelley then filed a timely notice of appeal to this Court.

The validity and enforceability of a settlement agreement is governed by state contract law. See Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 582 (3d Cir. 2009); Tiernan v. Devoe, 923 F.2d 1024, 1032-33 & n.6 (3d Cir. 1991). Under Pennsylvania law, "the test for enforceability of an agreement is whether both parties have manifested an intention to be bound by its terms and whether the terms are sufficiently definite to be specifically enforced." Channel Home Ctrs. v. Grossman, 795 F.2d 291, 298-99 (3d Cir. 1986). The first of those questions is factual in nature, and the Court will review the District Court's factual determinations for clear error. Tiernan, 923 F.2d at 1031 n.5. The second involves a legal conclusion, which the Court will review de novo. Am. Eagle Outfitters, 584 F.3d at 585.

Here, the District Court, adopting the finding of the Magistrate Judge, see Ross v. Varano, 712 F.3d 784, 789 n.2 (3d Cir. 2013), concluded that the parties agreed to settle the case at the April 19, 2011 settlement conference. This was not clearly erroneous. In their filings in the District Court, counsel for defendants and former counsel for Shelley

3

both represented that Shelley had agreed at the conference to settle his claim for $5,000; crucially, the Magistrate Judge, who was present throughout the negotiations, agreed with counsels' recollection. See Lynch, Inc. v. SamataMason, Inc., 279 F.3d 487, 489-92 (7th Cir. 2002) (magistrate judge's recollection of terms of oral settlement sufficient for enforcement).[1] While Shelley apparently added an extra term — the discharge of his fines — after the agreement had been reached, he "cannot now seek to invalidate the agreement by asserting essential terms of the agreement after settlement negotiations were complete." Storms ex rel. Storms v. O'Malley, 779 A.2d 548, 558 (Pa. Super. Ct. 2001).

On appeal, Shelley argues that the agreement is not enforceable because it was never reduced to writing and because he had told his counsel that he wanted to proceed to trial. These arguments are not persuasive. First, it is well established that "[w]here the parties have agreed on the essential terms of a contract, the fact that they intend to formalize their agreement in writing but have not yet done so does not prevent enforcement of such agreement." Mazzella v. Koken, 739 A.2d 531, 536 (Pa. 1999). Second, while Shelley contends that he wished to take his claim to trial, there is no

---

[1] We recognize that the Magistrate Judge, in a contemporaneous minute entry, described the settlement as "tentative." However, given the deference we accord judges in interpreting their own statements, see generally In re Asbestos Prods. Liab. Litig., 718 F.3d 236, 244 (3d Cir. 2013), and the Magistrate Judge's subsequent, more detailed factual findings, we are satisfied that the Magistrate Judge meant merely that the parties still planned to memorialize their agreement, not that no binding agreement had been reached. See generally Mastroni-Mucker v. Allstate Ins. Co., 976 A.2d 510, 522 (Pa. Super. Ct. 2009) (enforcing an oral contract containing similar terns).

suggestion that he expressed this desire at the settlement conference. See, e.g., Am. Eagle Outfitters, 584 F.3d at 582 (explaining that the relevant inquiry is objective, not focused on the "inner, subjective intent of the parties"). (Shelley's claim that he would resolve his case only via trial is also belied by his appellate brief, in which he asks the Court to remand the case "for settlement and/or trial."). In any case, Shelley has provided us with no basis to conclude that the Magistrate Judge's recollection of conference is clearly erroneous. See, e.g., Gevas v. Ghosh, 566 F.3d 717, 719 (7th Cir. 2009).

Accordingly, we will affirm the District Court's order.[2]

---

[2] At the very end of his appellate brief, Shelley states that if the Court "cannot see plaintiff's points named," he wishes to voluntarily dismiss his appeal. Because of the condition that Shelley placed on this "motion" — that is, the request becomes effective only if this Court determines that Shelley's appeal lacked merit — the defendants were required to file a response brief and we were required to review the parties' arguments. Accordingly, Shelley's request is not "in the interest of justice or fairness," Am. Auto Mfrs. Ass'n v. Mass. Dep't of Envtl. Prot., 31 F.3d 18, 22 (1st Cir. 1994), and we deny it, see Ford v. Strickland, 696 F.2d 804, 807 (11th Cir. 1983) (en banc) (denying Rule 42(b) motion because it was not presented until after briefing was completed and the Court had invested time in reviewing the appeal).