**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2018[*]
Decided February 12, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-1811

| | |
|---|---|
| CLARENCE MONTGOMERY,<br>   *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 14 C 3864 |
| VILLAGE OF POSEN, et al.,<br>   *Defendants-Appellees*. | Maria G. Valdez,<br>*Magistrate Judge*. |

## O R D E R

Clarence Montgomery appeals the enforcement of a settlement agreement that he reached with the Village of Posen and village officials. Because the record shows that Montgomery entered into a valid agreement, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

The case settled on the eve of trial. Montgomery had filed a civil-rights complaint *pro se* against the Village, police officials, and building inspectors for allegedly violating his Fourth Amendment rights by searching his rented property. After denying the defendants' motion for summary judgment, the district court held a settlement conference. The parties were initially unable to settle, and, after consenting to proceeding before the magistrate judge, they prepared for trial. Before the trial began, the parties renewed settlement talks with the magistrate judge. After several hours, they signed an agreement to end the case in exchange for a $10,000 payment to Montgomery and the defendants' promise to move to dismiss with prejudice all administrative tickets issued to Montgomery as a result of the search of his property.

Three days later Montgomery moved to withdraw from the settlement. He argued that he felt under duress to sign because of time constraints and the judge's comments. The judge supposedly had told him that the case was "not worth much," and "I will shut you down, I will." He asserted additionally that he could not read the settlement's terms because of dim lighting. He later filed a memorandum in support of the motion, which added the argument that, without a vote from the village council approving the settlement, defense counsel lacked the authority to settle. Montgomery also moved for the judge to recuse herself. He argued that the judge showed her bias by stating during settlement negotiations that Montgomery's "4th Amendment Rights are more like 1/4th Amendment Rights." The defendants opposed Montgomery's motions and moved to strike his memo in support of his motion to withdraw, on the grounds that it raised new arguments and Montgomery needed leave of court under Federal Rule of Civil Procedure 15(d) before it could be accepted. The judge denied the motion to recuse, ordered a hearing on Montgomery's motion to withdraw, and deferred ruling on the defendants' motion to strike.

At the hearing on the motion to withdraw the settlement agreement, Montgomery testified that he had been unprepared to negotiate terms of settlement because he planned only for trial. He also repeated that he signed the agreement because of the press of time and the judge's comments. He was not sure what he was signing, he alleged, because of dim lighting that rendered the document unreadable. He only vaguely described the judge's comments. He testified that she said "if I didn't do— respond in a favorable way, that everything would be over and I would walk away just like I came in." After the hearing the judge ruled for the defendants. She granted their motion to strike Montgomery's memorandum (for the reasons the defendants had raised), denied his motion to withdraw the settlement, and enforced the agreement. She did not credit his assertions that he settled under duress, or time pressure, or despite dim lighting. She added that he had participated in earlier negotiations that did not

result in settlement, and so he knew that he could refuse to settle for any reason. And, the judge explained, the remarks that Montgomery attributed to her could not reasonably be taken as a threat to penalize him if he did not settle.

On appeal Montgomery challenges these rulings. He argues that the judge abused her discretion by (1) striking his memorandum in support of his motion to withdraw the settlement; (2) enforcing the settlement despite his assertion of duress; and (3) denying his motion to recuse.

We begin with the decision to strike Montgomery's memorandum of law. We review that ruling for abuse of discretion. *Bernstein v. Bankert*, 733 F.3d 190, 216 (7th Cir. 2013). We will assume, as Montgomery argues, that the judge should not have treated his memorandum as a supplemental "pleading," see Fed. R. Civ. P. 7(a) (motions and briefs are not "pleadings"), subject to Rule 15(d)(2). Even so, any error in striking the memo was harmless. The only consequence of striking it was that the judge did not rule on the legal argument that the village council must vote to approve the settlement. But that argument is meritless. Montgomery relies on Illinois Municipal Code, 65 ILL. COMP. STAT. ANN. 5/3.1-40-40. This law states, "The passage of … any resolution or motion … for the expenditure or appropriation of its money shall require the concurrence of a majority of all members then holding office on the city council[.]" This provision does not apply to municipalities that have opted for "home rule," see *City of Burbank v. Ill. State Labor Relations Bd.*, 185 Ill. App. 3d 997, 1004–05 (1989), and the Village of Posen is a home-rule municipality, see *Village of Posen v. Ill. Fraternal Order of Police,* 2014 IL App. (1st) 133329, ¶ 61 n. 3 (2014).

That brings us to the judge's decision to enforce the settlement. Montgomery repeats his arguments about duress: he was not prepared for settlement negotiations, the judge threatened to dismiss his case if he did not settle, and he could not read the terms. Illinois law governs the enforceability of the settlement agreement. See *Lewis v. Sch. Dist. No. 70*, 648 F.3d 484, 486 n.1 (7th Cir. 2011). Under that law duress is measured objectively; it occurs when "one is induced by a wrongful act or threat of another to make a contract under circumstances that deprive one of the exercise of free will." *Allen v. Bd. of Trustees of Cmty. Coll. Dist. No. 508*, 285 Ill. App. 3d 1031, 1035 (1996); *Rissman v. Rissman*, 213 F.3d 381, 386 (7th Cir. 2000). We review the judge's decision to enforce the settlement for abuse of discretion. See *Dillard v. Starcon Int'l Inc.*, 483 F.3d 502, 506 (7th Cir. 2007).

The judge reasonably concluded that Montgomery did not show duress. He knew from the earlier, failed round of settlement talks that he was free to end the talks at any time for any reason, including dim lighting, lack of preparation, or inadequate

time to consider the terms. It is true that a judge may not threaten to penalize a party for refusing to settle. See *Gevas v. Ghosh*, 566 F.3d 717, 719 (7th Cir. 2009). But a judge "is not prohibited from expressing a negative opinion of a party's claim during discussions as a means to foster an agreement." *Id.* Even if we were to accept Montgomery's description of the judge's comments, those comments do not amount to duress. See *id.*

The final issue is the denial of Montgomery's motion that the judge should have recused herself. The defendants respond that the appeal of that ruling is procedurally barred because he did not petition this court for a writ of mandamus. Such a petition is no longer required, *Fowler v. Butts*, 829 F.3d 788, 791 (7th Cir. 2016). We review this type of order *de novo*. *Grove Fresh Distributors, Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 639 (7th Cir. 2002). A judge must recuse herself when she has a personal bias concerning a party, or when her impartiality might reasonably be questioned. See 28 U.S.C. § 455. Montgomery interprets the judge's warning to "shut [him] down" and her description of his case as involving "1/4th Amendment rights" as threatening an adverse ruling. But judges' adverse rulings or expressions of doubts about the strength of a case do not establish bias or partiality. See *Tezak v. United States*, 256 F.3d 702, 718 (7th Cir. 2001); *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000). A reasonable person would not find that these remarks reveal a "deep-seated favoritism or antagonism as would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

AFFIRMED.